# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKI GOUL Personal Representative of the Estate of Kevin Goul, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:21-cv-00771-TWP-TAB |
| | ) |
| COMBE INCORPORATED, ANONYMOUS PROVIDER 1, ANONYMOUS PROVIDER 2, ANONYMOUS PROVIDER 3, ANONYMOUS PROVIDER 4, ANONYMOUS PROVIDER 5, ANONYMOUS PROVIDER 6, ANONYMOUS PROVIDER 7, ANONYMOUS PROVIDER 8, ANONYMOUS PROVIDER 9, ANONYMOUS PROVIDER 10, ANONYMOUS PROVIDER 11, ANONYMOUS PROVIDER 12, ANONYMOUS PROVIDER 13, ANONYMOUS PROVIDER 14, ANONYMOUS PROVIDER 15, ANONYMOUS PROVIDER 16, ANONYMOUS PROVIDER 17, ANONYMOUS PROVIDER 18, ANONYMOUS PROVIDER 19, ANONYMOUS PROVIDER 20, ANONYMOUS PROVIDER 21, ANONYMOUS PROVIDER 22, ANONYMOUS PROVIDER 23, ANONYMOUS PROVIDER 24, ANONYMOUS PROVIDER 25, and ANONYMOUS PROVIDER 26, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on a Motion to Remand filed pursuant to 28 U.S.C. § 1447 by Plaintiff Vicki Goul ("the Estate"), personal representative of the Estate of Kevin Goul ("the

Decedent") (Filing No. 9), following the filing of a Notice of Removal based on diversity jurisdiction by Defendant Combe Incorporated ("Combe") (Filing No. 1). Combe subsequently filed a Motion to Dismiss for failure to state a claim (Filing No. 12). For the following reasons, the Court **grants** the Estate's Motion to Remand and **denies as moot** Combe's Motion to Dismiss.

## I.     BACKGROUND

On or around April 1, 2019, the Decedent purchased and used Just for Men hair dye (the "JFM hair dye"), which is sold and distributed by Combe (Filing No. 1-1 at 7). Combe is a Delaware corporation with a principal place of business in New York (Filing No. 1-2 at 1). After using the JFM hair dye, the Decedent "developed contact dermatitis, irritation and suffered visible, adverse reactions to his skin in, around and near the areas of application on his person." (Filing No. 1-1 at 10.)

As a result of the injuries allegedly caused by the JFM hair dye, the Decedent sought and received medical attention from twenty-six healthcare providers ("Anonymous Providers"). *Id.* at 12.  On April 21, 2019, the Decedent died *intestate* while residing in Indianapolis, Indiana. *Id.* at 7. On August 26, 2020, the Decedent's spouse, Vicki Goul, was appointed Special Personal Representative of the Decedent's estate. *Id.*

 On March 15, 2021, the Estate filed a wrongful death suit in Marion County Superior Court against the Anonymous Providers and simultaneously brought a products liability claim against Combe. *Id*. at 6.  On March 30, 2021, Combe filed a Notice of Removal, and the case was removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Filing No. 1).  On April 2, 2021, the Estate filed a Motion to Remand pursuant to 28 U.S.C. § 1447 (Filing No. 9).  Combe filed its response on April 4, 2021 (Filing No. 18).

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[1] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Section 1332 requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006). If any plaintiff and any defendant are citizens of the same state, complete diversity is destroyed, and the federal court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *Owen*

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–75 (1978). The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).

### III.   DISCUSSION

In the Motion to Remand, the Estate asserts that this Court "has no power" to adjudicate the claims in this case because there is not complete diversity between the parties (Filing No. 9 at 1). The Estate contends that because this suit involves an Indiana citizen bringing medical malpractice allegations against more than twenty Indiana citizens who were required to be sued anonymously, "[d]iversity jurisdiction does not exist," the "case must be remanded," and the Court should "order the payment of [the Estate's] fees and costs under 28 U.S.C. § 1447(c)." *Id.* at 1–2; Filing No. 21 at 5. Combe responds that Motion to Remand must be denied because the "residence of anonymous medical defendants named under Indiana Medical Malpractice Act . . . is disregarded for the purposes of diversity jurisdiction." (Filing No. 18 at 1.) The Court will address these contentions in turn.

### A.   The Indiana Medical Malpractice Act

The Indiana Medical Malpractice Act (the "MMA") was "[e]nacted in 1975 in an effort to reduce the soaring costs of malpractice insurance." *Jones v. Griffith*, 870 F.2d 1363, 1364 (7th Cir. 1989) (citations omitted). Generally, the MMA requires that prior to commencement of a medical malpractice action against a health care provider in an Indiana trial court, "the party's proposed complaint must first be presented to a medical review panel . . . , and the panel must render an opinion as to whether the defendant failed to act within the appropriate standard of care." *Lorenz v. Anonymous Physician #£1*, 51 N.E.3d 391, 395–96 (Ind. Ct. App. 2016); *see also* Ind. Code §§ 34-18-8-4, -10-22.

In submitting a proposed complaint to the medical review panel, a physician-defendant's identity must be kept anonymous until the panel renders a decision. *See* Ind. Code § 34-18-8-7; *see also Kho v. Pennington*, 875 N.E.2d 208, 209 (Ind. 2007) ("For limited purposes, the Act permits such actions to be contemporaneously filed in court, provided that the complaint contains no information that would allow the defendant provider(s) to be identified.").

Here, the defendant anonymity provision of the MMA is the basis for the identities of Anonymous Providers remaining undisclosed. However, pursuant to the filings the parties have made to the Court—namely, the Corporate Disclosure Statement of certain Anonymous Providers—it is apparent that at least two[2] of the providers are Indiana citizens (*see generally* Filing No. 20 at 1; Filing No. 23 at 1). The Estate asserts that "more than 20" of the twenty-six Anonymous Providers are Indiana citizens which is undisputed by Combe (Filing No. 9 at 1).

**B.      Fictitious Defendants vs. Anonymous Defendants**

28 U.S.C. § 1441(b) states that, for the purpose of determining whether a civil action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441.

According to Combe, the Estate's Complaint names "26 fictitious 'anonymous provider' defendants" whose citizenship should be disregarded in the removal analysis (*see* Filing No. 1 at 1). Combe cites § 1441(b) and *Thornburg v. Stryker Corp.* to contend that the Court "may not consider the anonymous Indiana Defendants' citizenship to assess the existence of diversity jurisdiction," *see id.,* No. 1:05-cv-1378-RLY-TAB, 2006 WL 211952, at *2 (S.D. Ind. Jan 27, 2006). In *Thornburg*, the motion to remand was denied when that court concluded that the plaintiff

---

[2] According to the Corporate Disclosure Statement for Anonymous Providers 22, 25, and 26, Anonymous Provider 25 and Anonymous Provider 26 are the "assumed business names of Anonymous Provider 22 and are not legal entities." (Filing No. 23 at 1.)

5

could not use the citizenship of medical malpractice defendants—who remained anonymous pursuant to the MMA—to overcome removal based on diversity jurisdiction. *Thornburg,* 2006 WL 211952, at *1.

The Estate replies that the decision in *Thornburg* has been rejected in this judicial district and this Court has already "addressed the interplay between diversity jurisdiction and the [MMA's] anonymity requirement." (Filing No. 9 at 2.) Citing *Johnson v. Globus Med., Inc.*, the Estate asserts that the facts of that case are identical to those here, and its decision should be followed, *see id.*, No. 1:14-cv-730-SEB, 2015 WL 71035, at *4 (S.D. Ind. Jan. 5, 2015) ("[T]he citizenship of a *known*, *yet anonymous defendan*t must be factored into a diversity jurisdiction analysis.") (emphasis added). The Court agrees.

In *Johnson*, the court analyzed the plain language of the removal statute and the commentary to the 1988 and 1990 revisions of § 1441 to clarify and distinguish a fictitious defendant from an anonymous defendant. *Id.* at 4. The court in *Johnson* held that a "significant distinction exists between an unidentifiable 'fictitious' defendant and an identifiable 'anonymous' defendant," and that the "purpose of disregarding the citizenship of 'fictitious' defendants is to provide an opportunity for defendants to remove a case on the basis of diversity jurisdiction when the identities of those 'fictitious' defendants are unknown." *Id.* at 6; *see also Caywood v. Anonymous Hosp.,* 856 F. Supp. 2d 1001, 1003 (S.D. Ind. 2012), *aff'd*, No. 1:11-cv-1313-TWP-MJD, 2012 WL 3264572 (S.D. Ind. Aug. 9, 2012) (granting motion to remand where anonymous hospital was identified and its citizenship was known). Similarly, the Estate sues anonymous defendants, and at least two of those anonymous defendants have appeared and conclusively asserted their Indiana citizenship as a "judicial fact." *Id*. at 7; *see also* Filing No. 20 at 1; Filing No. 23 at 1.

Combe contends the Estate ignores the "great weight of authority in this District and in the Northern District of Indiana" along with the plain language of § 1441(b) (Filing No. 18 at 1). These cases find that the removal statute does not provide any exceptions, it is unambiguous about the citizenship of fictitious defendants being disregarded for purposes of removal. In support of its argument, Combe cites several older cases in this judicial district and elsewhere. *Id.* at 3; *see e.g., Bush v. Hospital I*, IP 00–1818–C–M/S (Jan. 22, 2001) (unpublished order); *Baker v. Scott*, No. 1:03-cv-1426, slip op. (S.D. Ind. Jul. 23. 2004); *Beaty v. I-Flow Corp.,* No. 1:09-cv-383-WTL-TAB, 2009 WL 1689395 (S.D. Ind. June 16, 2009). However, as noted by the court in *Johnson*, the *Thornburg* decisions, like many of the other cases cited by Combe, "predates the more recent and opposite trend in this district." *Johnson*, 2015 WL 71035, at *6.

As stated by Magistrate Judge Dinsmore in *Caywood*, and later relied on by the court in *Johnson*, "'[T]he fictitious defendant in diversity citizenship cases' is a party 'whom the plaintiff knows to exist, or believes to exist, *but can't identify*.'" 856 F. Supp. 2d 1001, 1003 (S.D. Ind. 2012) (quoting Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a) (emphasis in original)). Here, Anonymous Provider 21, Anonymous Provider 22, Anonymous Provider 25, and Anonymous Provider 26 *can be identified* (although the Estate is precluded from doing so pursuant to the MMA), and the citizenship of these defendants is known to all parties and the Court (*see* Filing No. 20 at 1; Filing No. 23 at 1). As articulated by the *Johnson* court, it would be a "jurisdictional fiction to turn a blind eye to the lack of jurisdiction to allow this case to remain in the federal court." *Johnson*, 2015 WL 71035, at *7.

The Court finds that these defendants are not *fictitious* in the manner contemplated by Section 1441 and the more recent trends of this judicial district. *See Miller v. Anonymous Corp. A*, No. 1:12-CV-562-TWP-DML, 2012 WL 3236304, at *2 (S.D. Ind. Aug. 7, 2012) ("There is no

7

principled basis for classifying as fictitious the healthcare defendants in this case when they have been served with the complaint, are represented by counsel, [and] have declared their citizenship."); *see also Ropp v. Stryker*, No. 1:10–cv–0008–JMS–DML, Dkts. 41 and 54 (S.D. Ind. Nov. 23, 2010 and Jan. 26, 2011) (remanding action to state court following joinder of non-diverse previously anonymous parties whose citizenship and identities were subsequently disclosed).

    Accordingly, while the distinction between the fictious defendant and anonymous defendant is undoubtedly nuanced, it is nonetheless significant. As such, a known anonymous defendant will not be disregarded for the purposes of diversity jurisdiction.

**C.**     **Limits of Federal Diversity Jurisdiction**

    The district court has subject matter jurisdiction when complete diversity exists. 28 U.S.C. § 1332(a). The statute regulating the procedures after removal is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). As explained above, subject matter jurisdiction does not exist here because the plaintiff and at least some defendants share citizenship, destroying complete diversity.

    Combe argues the Anonymous Providers are not properly before this Court because "under federal law, a party becomes a defendant not when he is served, but when a complaint *naming him* is filed." ([Filing No. 18 at 8](#)) (citing *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (emphasis in original)). *Howell*, however, is distinguishable from this case because the MMA's defendant anonymity provision was not central to the court's analysis nor was it a factor to be considered at all. Further, the Seventh Circuit's concern in *Howell* was the rejection of the argument that a party never served could be ignored for diversity purposes and, also, how the presence of "John Doe" defendants with *unknown citizenship* would preclude complete diversity absent key exceptions. *See Howell*, 106 F.3d at 217 ("But because the existence of diversity

jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

Nevertheless, the Seventh Circuit in *Howell* reiterated the requirement of "complete" diversity of citizenship, "meaning that 'none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen.'" *Hallett v. Brehm*, 844 F. App'x 919 (7th Cir. 2021), reh'g denied (May 12, 2021) (quoting *Howell*, 106 F.3d at 217).  Here, it is undisputed that the Estate, and at least Anonymous Provider 21, Anonymous Provider 22, Anonymous Provider 25, and Anonymous Provider 26 are citizens of Indiana, and are left unidentified solely because of the provisions of the MMA.  Therefore, diversity jurisdiction is lacking.

### D.    Attorney's Fees

The Estate asserts that Combe—"after reviewing the motion to remand and conducting further research"—"could have conceded its position and allowed for a voluntary remand" based on the "consistent position" maintained in this district since 2010 that "the citizenship of parties sued anonymously under [the MMA] **must** be considered in any diversity jurisdiction analysis." ([Filing No. 21 at 5](#) (emphasis in original).)  The Estate requests that the Court allow her to submit time and expenses incurred in moving to remand and "assess those amounts against Combe." *Id*.

The United States Supreme Court has found that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."   *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005). Comparably, the Seventh Circuit has held that an award of attorney's fees is appropriate when removal "was worse than unreasonable; it was preposterous." *MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012).

Given the relative dearth of applicable case law and precedent in the Seventh Circuit regarding the interplay between the defendant anonymity provision of the MMA and a diversity jurisdiction analysis, the Court finds that Combe was not objectively unreasonable in seeking removal. *See Lott v. Pfizer, Inc*., 492 F.3d 789, 794 (7th Cir. 2007) ("The test is whether the relevant case law *clearly* foreclosed the defendant's basis of removal.") (emphasis added). Thus, the Court **denies** The Estate's request for attorney's fees.

## IV.    CONCLUSION

For the preceding reasons, the Court **GRANTS** The Estate's Motion to Remand (Filing No. 9).  The **Clerk is directed to remand** this matter to the Marion County Superior Court, Case No. 49D13-2103-CT-008935, and to **close** this federal action.  Combe's Motion to Dismiss (Filing No. 12) is **DENIED as moot**.

**SO ORDERED**.

Date:  8/25/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ann Marie Waldron
WALDRON TATE BOWEN FUNK SPANDAU LLC
annmarie@wtbfs-law.com

Joseph N. Williams
WILLIAMS & PIATT, LLC
joe@williamspiatt.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Matthew W. Conner
LEWIS WAGNER, LLP
mconner@lewiswagner.com

Patricia B. Freije
KATZ KORIN CUNNINGHAM, P.C.
tfreije@kkclegal.com

Mallory Reider Inselberg
EICHHORN & EICHHORN LLP
minselberg@eichhorn-law.com

Caitlin Rose Jared
SCHULTZ & POGUE LLP
cjared@schultzpoguelaw.com

Elizabeth Hill Knotts
HILL KNOTTS & GOLDMAN, LLC
bknotts@hkglaw.net

Tyler Scott Lemen
DREWRY SIMMONS VORNEHM, LLP
(Carmel)
tlemen@dsvlaw.com

Benjamin J. Morrical
FROST BROWN TODD LLC
(Indianapolis)
bmorrical@fbtlaw.com

Nicholas C. Pappas
FROST BROWN TODD LLC
(Indianapolis)
npappas@fbtlaw.com

Jon M. Pinnick
SCHULTZ & POGUE LLP
jpinnick@schultzpoguelaw.com

Elizabeth Ann Schuerman
PAGANELLI LAW GROUP
eschuerman@paganelligroup.com

Stacy F. Thompson
PITCHER THOMPSON, P.C.
sthompson@pitcherthompson.com

Albert Barclay Wong
DREWRY SIMMONS VORNEHM, LLP
(Carmel)
bwong@dsvlaw.com

Elliott I. Pinkie
PINKIE LAW LLC
epinkie@pinkielaw.com